UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JULIUS JAMES,
    Plaintiff,

v.	13-CV-1155

RANDY PFISTER, et. al.,
    Defendants.

## **OPINION**

    Plaintiff' has filed a motion for the appointment of *pro bono* counsel and has demonstrated reasonable attempts to find counsel on his own. [11]  The Court may therefore proceed to the next step in the inquiry: "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993).  As the Seventh Circuit stated in *Pruitt:*

> the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'" *Pruitt*, 503 F.3d at 655 *(quoted and other cites omitted)*

A plaintiff's "literacy, communication skills, educational level, and litigation experience" are relevant factors, though there are no "fixed requirements."  *Id.* at 655.  "Intellectual capacity and psychological history, to the extent that they are known, are also relevant. The plaintiff's performance up to that point in the litigation may be some evidence of these factors, but, in the end, the estimation as to whether a plaintiff can handle his own case must be 'a practical one, made in light of whatever relevant evidence is available on the question.'" *Santiago v. Walls,* 599 F.3d 749, 762 (7th Cir. 2010), *quoting Pruitt*, 503 F.3d at 656.  The Court cannot require an attorney to accept *pro bono* appointment on a civil case such as this. *Pruitt,* 503 F.3d at 653 (*in forma pauperis statute* "'does not authorize the federal courts to make coercive appointments of counsel.'")(*quoted cite omitted*).

    Plaintiff has one claim before this court alleging five Defendants at Pontiac Correctional Center were deliberately indifferent to his serious medical condition.  *See* June 12, 2013 Merit Review Order.  Specifically, the Plaintiff says the Defendants delayed care for an infected knee causing his condition to worsen and leaving him to suffer in pain for five days.  Although, the Plaintiff's claim does involve medical care, his complaint is literate and on-point, coherently setting forth the factual basis of his claims.  The Plaintiff indicates he has finished high school and has completed some college.

Through simple discovery requests Plaintiff should be able obtain his medical records to corroborate his medical problems. The Plaintiff should also be able to testify personally to the pain he experienced, his attempts to obtain help, and the responses he received which can be used to show evidence of deliberate indifference. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference). Copies of requests for medical care, grievances and responses to those grievances may also be easy to obtain in discovery.

The Plaintiff is reminded he may utilize many of the discovery methods prescribed in the Federal Rules of Civil Procedure. The Plaintiff should not file his discovery responses, but should instead send them directly to defense counsel The Plaintiff may submit his written interrogatories for the Defendants to defense counsel. *See* Fed.R.Civ.P. 33. The Plaintiff may also submit requests for production of documents to defense counsel. *See* Fed.R.Civ.P. 34. If the Defendants do not properly respond to the Plaintiff's requests for relevant information, he may then file a motion with the court to compel discovery. *See* Fed.R.Civ.P. 37.

Accordingly, based on the limited information available in the record at this early stage, the Court concludes that Plaintiff appears competent to proceed pro se.

IT IS THEREFORE ORDERED that Plaintiff's motion for the appointment of counsel is denied.[11]

Entered this 28th day of June, 2013.

**s/James E. Shadid**

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE